# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:               September 6, 2011

Courtroom Deputy: Nel Steffens
Court Reporter:    Suzanne Claar
Probation Officer: Susan Heckman

**Criminal Action No. 10-cr-00542-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Colleen Covell |
| Plaintiff, | |
| v. | |
| 14. ISAAC VIGIL, | Nathan Chambers |
| Defendant. | |

## SENTENCING MINUTES

**9:06 a.m.    Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Government declines the opportunity to make a statement, but orally moves to dismiss with prejudice Counts 1 and 32 of the Indictment as to this defendant only.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the defendant's **Motion for Downward Departure** [#364] filed June 20, 2011, is **DENIED**;

    - the **Government's Motion Pursuant to 18 U.S.C. § 3553(e) and ab 5K1.1 for Downward Departure Based on Substantial Assistance and for Three Level Reduction in Base Offense Level** [#374] filed June 27, 2011, is **GRANTED**;

    - the government's oral motion to dismiss with prejudice Counts 1 and 32 of the Indictment as to this defendant only, is **GRANTED**; that accordingly, Counts 1 and 32 of the Indictment are **DISMISSED WITH PREJUDICE** as to this defendant only;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 27 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twenty-six (26)**

**months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **four (4) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's

> probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That an order and judgment of forfeiture shall be entered pursuant to the Plea Agreement of the parties and under Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(b);

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado;

12. That the defendant's request to be designated to a facility which would facilitate his participation in and completion of RDAP is respectfully denied; and

13. That the defendant shall voluntarily surrender and report, at defendant's expense, to the institution designated by the Bureau of Prisons as detailed in a separate order by this court.

The defendant waives formal advisement of appeal.

**9:25 a.m.    Court in recess.**

Total time in court:   00:19

Hearing concluded.