## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Date:                April 5, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Justine Kozak

**Criminal Action No.  10-cr-00542-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Michelle Korver |
| Plaintiff, | |
| v. | |
| 7.  EULISES ALVARADO-CARRILLO, | Harvey Steinberg |
| Defendant. | |

## SENTENCING MINUTES

**1:34 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Discussion regarding "safety valve."

> **IT IS ORDERED** as follows:

1. That the adjusted advisory offense level of 15 is reduced by two levels for so-called "safety valve" relief to a total adjusted advisory offense level of 13.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Government declines the opportunity to make a statement.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

> **IT IS ORDERED** as follows:

2. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

3. That the pending motions are resolved as follows:

    - the defendant's **Motion for Variance** [#626] filed March 9, 2012, is **GRANTED** insofar as it is consistent with the foregoing findings and conclusions and the following orders;

    - the **Government's Motion To Dismiss Remaining Count** [#627] filed March 16, 2012, is **GRANTED**;

4. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 14 of the Indictment;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody

of the Bureau of Prisons to be imprisoned for a term of **time served**;

6. That on his formal administrative release, the defendant shall be placed on supervised release for a term of **three (3) years**;

7. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders.

        - that at defendant's expense, the defendant shall be placed on home detention for a period of **nine (9) months**, to

> commence with twenty-one (21) days of sentencing; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) the defendant shall maintain a telephone at defendant's place of residence without any special services, modems, answering machines, or cordless telephone for the above period; and (3) the defendant shall wear an electronic device and shall observe the rules specified by the probation department;

8. That no fine is imposed;

9. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00; and

10. That presentence confinement credit, if and when relevant, shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

Parties state they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

**2:03 p.m.    Court in recess.**

Total time in court:   00:29

Hearing concluded.